# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Tammy Jean Velon, | Case No. 16-cv-01319-WMW-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Nancy A. Berryhill, *Acting Commissioner of Social Security*, | |
| Defendant. | |

Gary A. Ficek, Ficek Law Office, PC, 4650 Amber Valley Parkway, Suite 2, Fargo, ND 58104, counsel for plaintiff

Bahram Samie, United States Attorney's Office, 300 S 4th Street, Suite 600, Minneapolis, MN 55415, counsel for defendant

This matter is before the Court on Plaintiff Tammy Jean Velon's Motion for Attorney Fees following an order granting her motion for summary judgment and remanding the matter for further proceedings. Mot., ECF No. 27; Order, ECF No. 25. For the following reasons, the Court grants Ms. Velon's Motion for Attorney Fees as modified herein.

## BACKGROUND

Ms. Velon applied for disability benefits in 2013. R. & R., ECF 22 at 1. After her claim was denied at the agency level, she appealed to this Court for relief in 2016. *See* Compl., ECF 1. This Court recommended granting Ms. Velon's motion for summary judgment and remanding the matter for further proceedings. R. & R. at 18. Specifically, this Court found that the Administrative Law Judge ("ALJ") erred in weighing the evidence and drafted an inconsistent and unworkable Residual Functioning Capacity ("RFC") for Ms. Velon. *Id.* at 12, 14, 17. The district court adopted this Court's recommendation. Order at 1.

Ms. Velon now brings this Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), claiming that she is the prevailing party and that the government's position was not substantially justified. Mot. at 1-2. She makes two arguments as to why the government was not substantially justified: (1) the Commissioner's failure to object to the Report and Recommendation ("R&R") recommending summary judgment constitutes tacit admission of a lack of substantial justification, and (2) the Commissioner's position was not substantially justified precisely because the case was remanded due to insufficient evidence supporting that position. *Id.*; *see also* R. & R. at 5. Ms. Velon claims a total of $8,747.54, asserting that her attorney billed 43.8 hours at a rate of $190 per hour, paralegals billed 2.7 hours at a rate of $75 per hour, and that her total costs and expenses were $223.04. Mem. in Supp. at 3-4, ECF 28; Ficek Aff. Attach. A, ECF No. 29.

The Commissioner opposes the request for fees on two grounds. First, she alleges that while Ms. Velon was the prevailing party, the government was substantially justified in relying on the ALJ's determinations because both of the issues leading to remand were susceptible to a "genuine dispute," such that "reasonable people could differ as to" their appropriate resolution. Resp. at 1-2, ECF No. 31 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991)). Alternatively, the Commissioner argues that even if Ms. Velon is entitled to fees, the amount she seeks here is excessive. *Id.* at 1.

Because the Court concludes Ms. Velon is entitled to fees based on her second argument, the Court declines to reach her argument that the Commissioner's failure to object to remand constitutes tacit acknowledgement of a lack of justification.

## LEGAL STANDARD

The EAJA provides, in relevant part, that:

> Except as otherwise specifically provided by statute, a judgment for costs, . . . but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

> . . . .
>
> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(a)(1), (d)(1)(A). Thus, if Ms. Velon is the prevailing party and the commissioner's position was not substantially justified, Ms. Velon is entitled to an award of attorney fees. *Id.*

In responding to an EAJA fee motion, the Commissioner has the burden to show substantial justification. *Welter*, 941 F.2d at 676. To meet her burden, the Commissioner must demonstrate that the denial of benefits had reasonable grounds in law and fact. *Id.* The Commissioner's position may be substantially justified even if that position was not correct—provided that "a reasonable person would think it correct." *Pierece*, 487 U.S. at 566 n.2.

## ANALYSIS

To be entitled to attorney fees under the EAJA, a prevailing party must be considered eligible under 28 U.S.C. § 2412(B)(2)(A). Because Ms. Velon's net worth is under $2 million, and because she was awarded a remand in this case pursuant to sentence four of 24 U.S.C. § 405(g), the Commissioner does not contest Ms. Velon's eligibility or prevailing-party status.. Thus, the only questions before this Court are whether the Commissioner's position was substantially justifiable and, if not, whether the amount of attorney fees Ms. Velon seeks is excessive.

**Substantial Justification**

The Commissioner argues that she was justified in relying on the ALJ's determinations. Resp. at 2. However, the Court recommended that this case be remanded for further proceedings on Ms. Velon's motion for summary judgment, and extensively detailed the ALJ's errors that warranted such a recommendation. R. & R. at 9-17, 18. The fact that this case was remanded on summary judgment and that the

3

errors committed by the ALJ were particularly conspicuous demonstrates that the government's position was not justified. *See Gamber v. Bowen*, 823 F.2d 242, 245-46 (8th Cir. 1987) ("[T]he fact that the district court granted summary judgment for [plaintiff] . . . suggested that the [defendant] government was unreasonable in pursuing the litigation."); *Jackson v. Bowen*, 807 F.2d 127, 129 (8th Cir. 1986) ("[C]ases in which summary judgment are granted . . . raise the possibility that the government's position was unreasonable.") *Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir. 1985) ("[C]ases, for example, where there has been a judgment on the pleadings or where there is a directed verdict . . . clearly raise the possibility that the Government was unreasonable in pursuing litigation" (internal quotations omitted)); *cf. Herman v. Schwent*, 177 F.3d 1063, 1065 (8th Cir. 1999) ("[T]he Government's ability to convince federal judges of the reasonableness of its position, even if . . . rejected in a final decision on the merits, is the most powerful indicator of the reasonableness." (internal quotations omitted)). *See generally* R. & R. at 9-17. Moreover, the district court adopted this Court's R&R in its entirety. Order at 1. Thus, the Court finds that the Commissioner was not justified in relying on the ALJ's determinations.

**Amount Claimed**

The Commissioner argues that even if Ms. Velon is entitled to fees, she is not entitled to the amount she claims here. The Commissioner does not dispute the rates charged by Ms. Velon's attorney and paralegal, but alleges that the 46.5 hours billed by her attorney is excessive given his experience and the relative simplicity of this case. Resp. at 7-8 (citing *Handke v. Astrue*, No. C06-4106-PAZ, 2008 WL 2095545, *1 (N.D. Iowa May 16, 2008)). The Court is not persuaded. Given the multiple and varied issues in this case, as well as the fact that courts from this district have repeatedly granted fees for hours well in excess of the 46.5 claimed here, the Court finds these hours reasonable. *See, e.g.*, *Chang v. Berryhill*, 15-cv-4496 (ADM/HB), 2017 WL 2773539, at *2 (D. Minn. May 31, 2017) (awarding 52 hours in a case with a 540-page record and 32-page brief); *Gaul v. Colvin*, 13-cv-163 (JNE/FLN), 2014 WL 4096972, at *2 (D. Minn. Aug. 19, 2014) (awarding 75.2 hours in a case with a record of fewer than 500 pages); *Ubel v. Colvin*, 13-cv-875 (JRT/JJG), 2014 WL 2009051, at *1-4 (D. Minn. May 16, 2014) (awarding 61 hours in a case with a 879-page record and 23-page memorandum).

The Commissioner further argues that Ms. Velon should not be able to recover for the two hours a paralegal spent "[p]rint[ing] and assembl[ing] [the] administrative

4

record," as those tasks did not require the expertise of a paralegal and thus amount to secretarial work. Resp. at 9; Ficek Aff. Attach. A at 1. The Court agrees. Courts have consistently held that tasks that could have been performed by a paralegal should not be billed at an attorney's rate, and that "purely clerical or secretarial tasks should not be billed at a paralegal rate." *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274 288 n.10 (1989); *accord Philipp v. ANR Freight Sys., Inc.*, 61 F.3d 669, 675 (8th Cir. 1995) (affirming district court's reduction of fee award because "many hours claimed were based upon the performance of clerical duties, including the 65 hours [the attorney] devoted to preparing the fee application"); *Granville House, Inc. v. Dep't of Health, Educ., & Welfare*, 813 F.2d 881, 884 (8th Cir. 1987) (holding attorney not entitled to compensation for "the fifteen hours of work which could have been done by support staff"); *MacGregor v. Mallinckrodt, Inc.*, Civil No. 01-828 (DSD/SRN), 2003 WL 23335194, at *13 (D. Minn. July 21, 2003) ("It is appropriate to bill for paralegal work at reasonable paralegal rates, but clerical duties do not justify attorney and paralegal rates.").

Lastly, the Commissioner argues that Ms. Velon is not entitled to the $223.04 claimed in costs and expenses. Resp. at 9. Specifically, the Commissioner argues that the use of the term "necessary" in 28 U.S.C. §§ 2412(d)(2) and 1920, and 28 U.S.C. § 1915(f)(1) generally, preclude Ms. Velon from recovering certain costs. *Id.* at 9-10. However, the Commissioner does not provide and the Court is not aware of any authority that construes these statutory provisions in a way that would support her argument. Thus, Ms. Velon is entitled to these costs pursuant to the EAJA.

After thoroughly reviewing the record and proceedings in this case, the Court has determined that the fees and costs claimed by Ms. Velon pursuant to the EAJA are not unreasonable. But Ms. Velon's attorney erroneously billed two hours at $75 per hour—the paralegal rate—for tasks that were secretarial or clerical in nature. Thus $150 (2 x $75) should be subtracted from the fees claimed.

# RECOMMENDATIONS

Based on the foregoing, the Court makes the following **RECOMMENDATIONS**:

1. Ms. Velon's Motion for Attorney Fees (**ECF No. 27**) should be **GRANTED**; and

2. The Commissioner shall promptly pay attorney fees to Ms. Velon in the amount of $8,597.54.

Date: August 21, 2018

*/s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.